UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TY EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>JACQUELINE MONACO,<br><br>    Defendant. | CAUSE NO. 3:22-CV-871-SJF |

OPINION AND ORDER

Ty Evans, a prisoner without a lawyer, is proceeding in this case against Nurse Jacqueline Monaco "in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs from October 27, 2020, through November 5, 2020, in violation of the Eighth Amendment." ECF 13 at 7. Specifically, Evans alleged in his complaint that Nurse Monaco was deliberately indifferent to his serious medical need when she failed to adequate respond to his October 26, 2020, healthcare request form ("HCRF"), in which he reported symptoms of COVID-19. *Id.* at 4. Nurse Monaco filed a motion for summary judgment. ECF 68. Evans filed a response, and Nurse Monaco filed a reply. ECF 79, 80, 85, 86. Evans then filed motions to amend his list of witnesses and designation of evidence, both of which will be granted. ECF 83, 84. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th

2

703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Additionally, to recover damages from Nurse Monaco, Evans must provide evidence Nurse Monaco was personally involved in the constitutional violation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). This is because "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* Therefore, Nurse Monaco cannot be held liable without "a showing of direct responsibility for the improper action[.]" *Id.*; *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation).

Nurse Monaco argues she was not deliberately indifferent to Evans' serious medical need because she did not see Evans or provide him any treatment for his COVID-19 symptoms and was not responsible for responding to his HCRF. She provides an affidavit, in which she attests to the following facts:

3

On October 26, 2020, Evans submitted a HCRF complaining he had symptoms of coughing, shortness of breath, and headaches that were getting worse. ECF 71-2 at 3; ECF 71-1 at 14. Nurse Monaco did not review, screen, or respond to Evans' October 26 HCRF, and the staff signature on that form is not hers. ECF 71-2 at 3-5. In response to his October 26 HCRF, custody staff provided Evans a "call-out pass" to be seen by Nurse Monaco at sick call on November 3, 2020. ECF 71-2 at 4; ECF 71-1 at 15. Call-out passes are created by custody staff after administrative personnel email them a list of inmates to be seen at sick-call that day. ECF 71-2 at 5. Despite receiving the call-out pass, Evans was not brought to sick call to see Nurse Monaco that day. *Id.*[1] Nurse Monaco had no involvement in cancelling Evans' call-out pass and was not in charge of rescheduling the cancelled pass. *Id.* at 6. Because Evans was never brought by custody staff to his scheduled November 3 sick call appointment, Nurse Monaco did not see Evans for any reason between October 27 and November 5 and did not have any personal involvement in his medical care during that time period. *Id.* at 5-6. Evans was seen by a different nurse on November 5, 2020, and was sent to the emergency room for treatment because his oxygen saturation levels were very low. *Id.* at 4.

Nurse Monaco argues she was not deliberately indifferent to Evans' serious medical need or personally involved in any constitutional violation because she (1) was not involved in responding to Evans' HCRF, (2) was not responsible for cancelling or rescheduling his November 3 call-out pass, and (3) never saw Evans or provided him

---

[1] Evans testified at his deposition that custody staff did not take him to his November 3 sick call appointment because his cellhouse was placed in COVID quarantine lockdown that day. ECF 71-3 at 34-35.

4

any treatment during the relevant time period between October 27 and November 5. In his response, Evans argues the fact that Nurse Monaco's name was listed on the call-out pass he received on November 3 shows she was personally involved in the constitutional violation. ECF 79 at 4-6. Specifically, Evans argues that the reason Nurse Monaco's name appears on the call-out pass is because she was the nurse who was assigned to screen and respond to his October 26 HCRF, and it was therefore her duty to ensure he received adequate medical care in response to the HCRF and to reschedule his call-out pass once he missed his November 3 appointment. *Id.* However, Evans bases this argument entirely on speculation and conjecture. *See Trade Fin. Partners*, 573 F.3d at 407 ("inferences relying on mere speculation or conjecture will not suffice" to create a genuine dispute). Specifically, Evans offers no evidence supporting his assertion that Nurse Monaco was responsible for responding to his HCRF other than (1) his own speculation and (2) speculative attestations from another inmate. *See* ECF 84-1. Because both Evans and the other inmate are only speculating as to their belief that Nurse Monaco was responsible for responding to Evans' HCRF, this evidence is insufficient to overcome Nurse Monaco's attestations that she did not "review, screen, nor respond to Plaintiff's October 26, 2020, HCRF," and "was not the nurse in charge of rescheduling cancelled medical passes/appointments, but rather, that duty was assigned to other members of medical staff and administrative staff in the medical department." ECF 71-2 at 5-6. Evans also cites vaguely to ISP's facility directive entitled "Access to Health Care" (ECF 79 at 5), but this directive does not state or indicate that

the fact Nurse Monaco's name was listed on the call-out pass means she was the nurse responsible for responding to Evans' HCRF or rescheduling his cancelled call-out pass.

Here, the only evidence in the record indicating Nurse Monaco had any involvement whatsoever in Evans' treatment is the fact that her name appears on his November 3 call-out pass. Nurse Monaco attests that "Plaintiff was never brought by custody staff to his November 3, 2020, sick call appointment, and therefore, I did not have any personal involvement in Plaintiff's medical treatment/care from October 27th, 2020, through November 5th, 2020." ECF 71-2 at 6. She also attests she was not involved in responding to Evans' HCRF and was not responsible for rescheduling Evans' call-out pass once it was cancelled by custody staff. While Evans attempts to expand the fact that Nurse Monaco's name appears on his November 3 call-out pass into a constitutional violation, he relies only on his own speculation and conjecture to do so, which is insufficient to create a genuine dispute. *See Trade Fin. Partners*, 573 F.3d at 407; *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006) ("speculation or conjecture will not defeat a summary judgment motion"); *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Therefore, because there is no admissible evidence showing Nurse Monaco was (1) deliberately indifferent to Evans' serious medical need or (2) personally involved in denying Evans constitutionally adequate medical care for his COVID-19 symptoms, summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Evans' motions to amend the witness list and his designation of evidence (ECF 83; ECF 84);

(2) GRANTS Nurse Monaco's motion for summary judgment (ECF 68);

(3) DIRECTS the clerk to enter judgment in favor of Nurse Monaco and against Ty Evans and to close this case.

SO ORDERED on August 4, 2025.

                                                s/Scott J. Frankel
                                                Scott J. Frankel
                                                United States Magistrate Judge